# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

JASON BATISTE                                    CASE NO.  6:23-CV-01291 SEC P

VERSUS                                           JUDGE DAVID C. JOSEPH

LAFAYETTE PARISH SHERIFF                         MAGISTRATE JUDGE WHITEHURST
OFFICE, ET AL

## MEMORANDUM ORDER

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by pro se plaintiff Jason Batiste on September 18, 2023.  Plaintiff is currently incarcerated at the Tensas Parish Detention Center in Waterproof, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## I.      STATEMENT OF THE CASE

On September 17, 2022, while incarcerated at the Direct Supervision Unit of the Lafayette Parish Sheriff's Office (LPSO) Community Corrections Re-Entry Program, he received a disciplinary write-up by Nurse M. Broussard after she conducted a random locker audit and found that he had a zero-count of his twice-daily mental health medication, and he should have had a count of thirty-six tablets.  He was given a verbal warning regarding the same medication in august 2022. He was found guilty of the infraction his mental health medication prescriptions were discontinued.    He alleges that as a result, his overall health has declined and he is now socially, mentally and physically exhausted.

Plaintiff provides a lengthy narrative regarding the LPSO Re-Entry Program and the South Louisiana Community College's Technical Program.  However, the Court is unable to determine if plaintiff intends to bring a claim related to these programs.

He was later transferred to the Tensas Parish Detention Center (TPDC).  His contends that the LPSO did not forward his mental health records and, because TPDC does not offer mental health services, he is unable to receive his prescription medication at this time.

## II.    LAW AND ANALYSIS

### 1. *Frivolity Review*

Batiste has been granted leave to proceed in forma pauperis in this matter. Rec. Doc. 3. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for sua sponte dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### 2. *Defendants*

#### a. *Lafayette Parish Sheriff's Office*

Batiste's claims against the Lafayette Parish Sheriff's Office are subject to dismissal for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Lafayette Parish Sheriff's Office is not a separate legal entity capable of being sued. *Lavergne v. Lafayette Parish Sheriff's Office,* 2014 U.S. Dist. LEXIS 30147 (W.D. La. 2014) (*citing Hicks v. Tarrant County Sheriff's Dep*t., 352 Fed. Appx. 876, 878, 2009 WL 2762378, *1 (5th Cir. 2009)(internal citations omitted).

#### b. *Sheriff Mark Garber*

Batiste also names Mark Garber as a defendant, presumably in his supervisory role as the Sheriff of Lafayette Parish. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex*., 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div*., 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897 (1983).  In other words, to the extent that plaintiff seeks to name supervisory officials as defendants, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by that defendant.

### 3. *Rule 8 Considerations*

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege **specific facts which support the conclusion that his constitutional**

3

**rights were violated by each person who is named as defendant.**  This conclusion must be supported by specific factual allegations stating the following:

> (1)  **the <u>name(s)</u> of each person who allegedly violated plaintiff's constitutional rights;**
>
> (2)  **a description of what actually occurred or what <u>each</u> defendant did to violate plaintiff's rights;**
>
> (3)  **the place and date(s) that <u>each</u> event occurred; and**
>
> (4)  **a description of the alleged <u>injury</u> sustained as a result of the alleged violation.**

Plaintiff should amend his complaint to provide the information required by Rule 8.

### 4. *Failure to provide medical care*

As the Court appreciates it, the gravamen of the plaintiff's complaint is that he is being denied medical treatment; specifically, his mental health prescriptions have been discontinued.  In the context of medical care, a prison official violates the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976).

"Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind."  *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir.1997). It occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 837-840 (1994).  It is not enough to show mere negligence or disagreement with one's treatment.  *Miles v. Rich*, 576 Fed.Appx. 394, 396 (5th Cir. 2014) (citing *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006).  The prisoner must show that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard

for any serious medical needs.'" *Domino v. Tx. Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Plaintiff must provide facts to establish that each named defendant displayed a subjective intent to cause harm. He should provide details regarding his requests for treatment, what medical attention he has, or has not, received, from whom, and the status of his health. He should allege facts to support a claim against <u>each named defendant</u> for denial of medical care.

### III.  CONCLUSION

Before this court determines the proper disposition of plaintiff's claims, plaintiff should be given the opportunity to remedy the deficiencies of his complaint. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Accordingly;

**THE CLERK IS DIRECTED** to serve the plaintiff with a copy of this Order.

**IT IS ORDERED** that plaintiff amend his complaint within forty (40) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims and/or defendants plaintiff is unable to cure through amendment. Specifically, but not exclusively, plaintiff shall name individual defendants and precisely state what each named defendant did to violate plaintiff's constitutional rights.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3W.**

THUS DONE AND SIGNED in chambers this 25th day of January, 2024.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**