UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JASON BATISTE** <br> **D.O.C. # 353799** | **DOCKET NO. 6:23-cv-1291** <br> **SECTION P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **SHERIFFS OFFICE** <br> **LAFAYETET PARISH, ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

**REPORT AND RECOMMENDATION**

Before the court are the original and amended civil rights complaints (docs. 1, 5) filed pursuant to 42 U.S.C. § 1983, by Jason Batiste, who is proceeding pro se and in forma pauperis in this matter. Batiste is an inmate in the custody of the Louisiana Department of Corrections ("LDOC"), incarcerated at the Tensas Parish Detention Center (TPDC) in Waterproof, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

I.     **BACKGROUND**

Plaintiff filed his Complaint on September 18, 2023, claiming to have been denied medical care while incarcerated at the Direct Supervision Unit Community Corrections Re-Entry Program in Lafayette Parish and later at the Tensas Parish Detention Center (TPDC), where he is currently incarcerated. Responding to this Court's Order to amend his complaint to cure certain deficiencies and provide additional details regarding his claims, Batiste filed an Amended Complaint on February 22, 2024. Doc. 5. His allegations center on the discontinuation of his mental health medication which began after a 2022 incident. According to the Lafayette Parish Correctional Center Corrections Division Disciplinary Report:

> At approximately 1400 hours on 9/17/22, Medical Nurse M Broussard was conducting a random locker audit on Offender Jason W. Batiste. It is noted that Offender Batiste had a zero count on his twice daily mental health prescription and should have a count of 36 tablets. He was previously given a verbal warning for non-compliance of same medication by Nurse Broussard on 8/22/22. Offender Batiste is being written up for Class II: Violation of General Health and Safety Rules.

Doc. 1, att. 2, pp. 3-4.

Plaintiff argues that there was no "just cause for this medical decision which opposes plaintiff's serious need for mental health care." Doc. 5, p. 2. He contends that Nurse Broussard, Supervisor Hall and Sheriff Mark Garber, in his supervisory role, "harbored plaintiff to become more ill regarding his mental health disorder(s) while being an underprivileged member of its community, advancing him to extreme hardships." *Id*.

Plaintiff was then transferred to the TPDC where he requested to speak with the mental health nurse practitioner, "Janna," who advised him that "their agency does not provide any care relating to this matter." *Id*. at p. 3. However, contradicting his statement that TPDC does not provide mental health care, he goes on to assert that because Lafayette Parish failed to forward his medical records to TPDC, they would have to be requested prior to TPDC treating him. Plaintiff claims that this has caused him to be "overwhelmed or exhausted as it relates to this matter," and his mental state is "diminishing." *Id*.

Plaintiff seeks monetary damages in the amount of $500,000.00 and that this Court order him to be housed at Elayn Hunt. *Id*. at p. 5.

## II. LAW & ANALYSIS

### A. *Frivolity Review*

Batiste has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte*

dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Application*

Plaintiff claims that he was denied medical care while incarcerated at the Direct Supervision Unit Community Corrections Re-Entry Program in Lafayette Parish when his mental health medication was discontinued.

The standard of conduct for providing medical care to inmates under the Eighth Amendment was clearly established by the Supreme Court in *Estelle v. Gamble*, 429 U.S. 97

(1976). In *Estelle*, the Court held that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary wanton infliction of pain," proscribed by the Eighth Amendment. *Id*. at 104. This is true where the indifference is manifested by prison doctors in their response to the prisoner's needs. It is also true where the indifference is manifested by prison officials in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. *Id*. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. *Id*.

"Deliberate indifference" means that a prison official is liable "only if he knows that the inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The *Farmer* definition applies to Eighth Amendment medical claims. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). Thus, an inmate must satisfy two requirements to demonstrate that a prison official has violated the Eighth Amendment. "First, the deprivation alleged must be, objectively, 'sufficiently serious'; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834 (quotation omitted). The plaintiff must show that defendants "exhibited deliberate indifference to his serious medical needs." *Cooper v. Johnson,* 353 F. App'x 965, 967 (5th Cir. 2009) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)); *accord Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999); *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993).

Further, a plaintiff must establish that the defendant possessed a culpable state of mind. *Farmer*, 511 U.S. at 838 (citing *Wilson*, 501 U.S. at 298). A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official

must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "Such a showing requires the inmate to allege that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Brewster v. Dretke,* 587 F.3d 764, 770 (5th Cir. 2009); *Bohannan v. Doe*, 527 Fed. Appx. 283, 2013 WL 2631197, at *6 (5th Cir. 2013) (citing *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006)). "'Subjective recklessness,'" as used in the criminal law, is the appropriate test for deliberate indifference." *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).

Plaintiff's burden is twofold. He must show that he had a serious medical condition and that it was met with deliberate indifference. For purposes of the initial screening of plaintiff's case, the Court will presume that the documentation showing he has been on mental health prescription medication since at least 2022, establishes that he had a serious medical need, and will proceed to the determination as to whether the facts show that need was met with deliberate indifference.

Plaintiff disagrees with the decision to discontinue his prescription medication; this difference of opinion is not indicative of deliberate indifference and thus does not constitute a constitutional violation. Even broadly construing the allegations and accepting the facts alleged by plaintiff as true, the court finds that plaintiff has failed to establish deliberate indifference. On the evidence presented, a considered medical decision was made to remove plaintiff from his medication based on his undisputed belief that plaintiff was not taking the medicine as prescribed. *See* doc. 1, att. 2, pp. 3-4.

Prison medical providers, in treating inmates, are generally permitted to institute and/or discontinue methods of treatment as they deem best; however, a discontinuation or withholding of necessary medical treatment as punishment would be improper and could constitute deliberate indifference. *Estelle v. Gamble*, 429 U.S. at 104; *Estes v. Rahorst*, No. 11-0023, 2013 U.S. Dist. LEXIS 139583, 2013 WL 5422874, * 5 (N. D. Tex. September 27, 2013). Here, the medical staff deemed it best in their medical opinion, given the circumstances, to discontinue plaintiff's medication. That act was clearly a medical decision, and not any form of punishment.

Moreover, while plaintiff stated that TPDC did not provide mental health care, his statement was contradicted by the fact that he spoke with the mental health nurse practitioner, "Janna," who it appears informed him that they would request his medical records from his previous place of incarceration.  Doc. 5, p. 3.

Finally, to the extent that plaintiff is requesting an order that he be transferred to the Elayn Hunt Correctional Center, the Court has no authority to issue such an order. Placement of state prisoners is a matter left to the discretion of state officials. A prisoner has no constitutional right springing from the Constitution itself or from any protected liberty or property interest arising from state law to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996).

### III.     CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE**, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as frivolous and for otherwise failing to state a claim on which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 24th day of September, 2024.

**Carol B. Whitehurst
United States Magistrate Judge**